IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDRA BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-1459-HE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER, SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Sandra Butler applied for insurance and supplemental-security-income benefits, stating that she was disabled.[1] The Social Security Administration disagreed and denied her applications.[2] She appeals, and the Court should reverse and remand for further findings.

Reversal is necessary if the agency had failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted). The agency did not comply with this duty, as the administrative law judge failed to say how much weight she would assign the opinions by D. Dawson, M.D.[3]

---

[1]   Administrative Record at pp. 133-35, 138-39 (certified Feb. 2, 2012) ("Record").

[2]   Record at pp. 1-5, 20, 63-71, 73-77.

[3]   Ms. Butler also questions the administrative law judge's development of the record and her findings on credibility and residual functional capacity. In light of the suggested reversal, the Court need not address these arguments.

Dr. Dawson treated Ms. Butler and assessed various limitations, including an ability to stand or walk two to three hours per day.[4] The judge acknowledged the assessment, but viewed Ms. Butler's abilities differently. In the judge's view, Ms. Butler could perform "light" work,[5] which by definition would have involved standing or walking up to six hours each work-day.[6] The resulting issue is whether the administrative law judge had adequately explained her disagreement with Dr. Dawson about Ms. Butler's standing and walking limitations. The Court should answer in the negative.

The judge had two duties — to determine whether the opinion was entitled to controlling weight and, if not, to assign some lesser weight.[7]

The threshold duty was to determine whether Dr. Dawson's opinion was entitled to controlling weight.[8] The judge arguably complied with this duty by stating that the physician's opinion was not entitled to controlling weight and providing a rationale.[9]

---

[4]   Record at p. 363 (certified Feb. 2, 2012) ("Record").

[5]   Record at p. 14.

[6]   *See* Social Security Ruling 83-10, *Titles II and XVI: Determining Capability to Do Other Work - The Medical-Vocational Rules of Appendix 2*, 1983 WL 31251, Westlaw op. at 5-6 (1983).

[7]   *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-1301 (10th Cir. 2003) (discussing the two components of the required analysis).

[8]   *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

[9]   Record at p. 18.

This finding triggered the judge's second duty, assignment of some lesser weight to Dr. Dawson's opinion.[10] The Tenth Circuit Court of Appeals has explained:

> Even if a treating opinion is not given controlling weight, it is still entitled to deference; at the second step in the analysis, the [administrative law judge] must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned. If this is not done, a remand is required.[11]

The judge did not comply with this duty because she never said whether Dr. Dawson's opinion was entitled to any weight and, if it was, how much. This omission constituted reversible error.[12]

In an effort to salvage the decision, the Defendant points to evidence that contradicts Dr. Dawson's opinions. But the administrative law judge did not diminish the weight to the physician's opinions based on this evidence. Indeed, as discussed above, the judge never said how much weight — if any — that she was assigning Dr. Dawson's opinions.[13] As a

---

[10]  *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *see also supra* p. 2.

[11]  *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (citations omitted).

[12]  *See, e.g., Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) (*per curiam*) (holding that the court could not presume correct application of the legal standard when the administrative law judge failed to state how he had assessed the weight of the treating physician's opinion even if it would not have qualified for controlling weight).

[13]  *See supra* p. 3.

result, the omission in the written decision cannot be salvaged by the Defendant's recitation of evidence that supposedly conflicted with Dr. Dawson's opinions.[14]

## Notice of the Right to Object

The Plaintiff can object to this report by filing an objection with the Clerk of this Court by August 9, 2012.[15] The failure to timely object would foreclose appellate review of the recommended ruling.[16]

## Status of the Referral

The referral has been discharged.

Entered this 23rd day of July, 2012.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[14] *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (*per curiam*) (holding that the court could not uphold the Social Security Administration's decision by supplying reasons to give less weight to the treating physician's opinion).

[15] *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.).

[16] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).